UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD J. JANULAWICZ,          :

        Petitioner              :

V.                              :       Case No. 3:14cv1136 (RNC)

CT COMMISSIONER OF              :
CORRECTION,                     :

        Respondent              :

RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss the amended petition in its entirety.  The motion to dismiss is granted for substantially the reasons stated in respondent's supporting memorandum.

I.  Background

In 2002, petitioner was charged with criminal possession of a firearm in violation of Conn. Gen. Stat. § 53a-217(a)(1), carrying a dangerous weapon in violation of Conn. Gen. Stat. § 53-206(a), and threatening in the second degree in violation of Conn. Gen. Stat. § 53a-62(a)(1).  The firearm that provided the basis for the charges had been seized from petitioner's residence following a warrantless entry by officers who claimed to be acting on the basis of consent provided by another occupant, petitioner's then-girl friend.  Petitioner moved to suppress the firearm on the ground that the entry was unlawful but his motion was denied after a three-day hearing.  See State v. Janulawicz,

No. H15NCF0217510T, 2004 WL 1051144 (Conn. Super. Ct. Apr. 6, 2004).  Petitioner then entered conditional pleas of nolo contendere reserving a right to appeal the court's denial of the motion to suppress.  The Connecticut Appellate Court affirmed the trial court's ruling.  <u>See</u> <u>State v. Janulawicz</u>, 95 Conn. App. 569 (2006).  Petitioner did not seek certification to appeal from the Connecticut Supreme Court.

In 2009, petitioner filed a habeas action in state court challenging his counsel's failure to seek certification to appeal from the Supreme Court.[1]  The habeas court granted the petition in part and ordered that petitioner's right to file a petition for certification to appeal to the Connecticut Supreme Court be restored.  The Appellate Court reversed on the ground that petitioner had failed to show that his counsel's failure to seek Supreme Court review was prejudicial.  <u>See</u> <u>Janulawicz v. Comm'r of Corr.</u>, 127 Conn. App. 576 (2011).  Petitioner appealed to the Connecticut Supreme Court, which concluded that the habeas

---

[1] Petitioner's state habeas petition also included three additional claims but those claims were withdrawn with prejudice at the beginning of a hearing on the habeas petition.  <u>See</u> Ex. J to Def.'s App'x, Transcript from Superior Court Hearing on Nov. 29, 2009) at 3-4 ("The Court: All right.  So am I hearing you correctly that the petitioner wishes to withdraw all claims except the one petitioner seeks late filing to seek certification?  Mr. Twohhill: That's correct, Your Honor . . . . The Court: All right.  Well, Mr. Janulawicz, you understand all the other claims, if they're withdrawn today, they'll be withdrawn with prejudice.  In other words you won't be able to refile them . . . You understand, and you're in agreement with that?  The petitioner: Yeah; okay.").

petition was not ripe for adjudication because petitioner could still file a late petition for certification to appeal. Petitioner subsequently filed such a petition, which the Supreme Court denied.

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2254.  His amended petition can be interpreted as attempting to assert the following claims: (1) petitioner's motion to suppress the firearm should have been granted; (2) the Connecticut statutes prohibiting his possession of the firearm violate his Second Amendment right to bear arms; (3) his counsel was ineffective in failing to impeach a police officer who lied on the stand at the suppression hearing; and (4) his counsel was ineffective on appeal in that he failed to obtain a transcript of the suppression hearing.  Respondent moves to dismiss all these claims on the grounds that they are barred or procedurally defaulted.  I agree that the claims should be dismissed.

## II. Discussion

Pursuant to § 2254, federal district courts have jurisdiction to hear an application for a writ of habeas corpus on behalf of a person who is "in custody" pursuant to the judgment of a state court.  28 U.S.C. § 2254(a).  At the time petitioner commenced the present action, he was in custody pursuant to the convictions at issue.  He did not file the amended petition until after his sentence on those convictions

fully expired.[2]  Under <u>Mayle v. Felix</u>, 545 U.S. 644 (2005),
however, an amended petition relates back to an original petition
when they are both "tied to a common core of operative facts."
<u>Id.</u> at 664.  Here, the amended petition unquestionably relates
back to the original petition filed when petitioner was still in
custody pursuant to the judgment at issue.  Accordingly, the
Court has jurisdiction to address petitioner's claims.  <u>See
Carafas v. LaVallee</u>, 391 U.S. 234, 239 (1968) (prisoner who filed
while in custody but was then released "is entitled to
consideration of his application for relief on its merits"); <u>see
also</u> James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus
Practice and Procedure</u> 323-24 (3d ed. 1998) ("As long as the
habeas corpus petition was filed in federal court at a time when
the petitioner was in custody, an action challenging that custody
is not necessarily mooted by the petitioner's release from
custody prior to final trial and appellate adjudication of the
petition.").

Respondent moves to dismiss petitioner's first claim, which
challenges the denial of his motion to suppress the firearm, on
the ground that the claim is barred under <u>Stone v. Powell</u>, 428
U.S. 465 (1976).  In <u>Powell</u>, the Supreme Court held that "where
the State has provided an opportunity for full and fair
litigation of a Fourth Amendment claim, the Constitution does not

---

[2] Petitioner remains incarcerated as a result of a sentence
he received for another offense.

require that a state prisoner be granted federal habeas corpus
relief on the ground that evidence obtained in an
unconstitutional search or seizure was introduced at his trial."
Id. at 481-82.  The Second Circuit has determined that
opportunity for full and fair litigation is absent only when "a
state has provided no corrective procedures at all to address the
alleged fourth amendment violations" or "the state has provided a
corrective mechanism, but the defendant was precluded from using
that mechanism because of an unconscionable breakdown in the
underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir.
1992) (citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir.
1977) (en banc)).

    An opportunity for full and fair litigation of petitioner's
fourth amendment claim was provided to him by state law.  As
outlined in Connecticut Practice Book §§ 41-12 through 41-17, the
state has a procedural framework in place whereby criminal
defendants may move to suppress evidence obtained as a result of
an allegedly unlawful search and seizure.  The opportunity
provided by state law to challenge the constitutionality of the
officer's entry into petitioner's residence satisfies the
requirements of Powell.  See Moyher v. Sieminski, No. 3:07 CV
1540CSH, 2009 WL 902387, at *3 (D. Conn. March 31, 2009)
(although petitioner did not file a motion to suppress or object
on Fourth Amendment grounds to any of the state's witnesses'
trial testimony, he could not bring his Fourth Amendment claim on

5

federal habeas because "all <u>Powell</u> requires is that a petitioner have been provided the *opportunity* to do so" (emphasis in original)).  Indeed, petitioner filed a motion to suppress, which resulted in a three-day evidentiary hearing, a judgment and an appeal.  Thus, there can be no doubt that his claim is barred by <u>Powell</u>.  <u>See</u> <u>Skinner v. Duncan</u>, No. 01 CIV 6656 DAB AJP, 2003 WL 21386032, at *12 (S.D.N.Y. June 17, 2003) ("[S]tate corrective process was not only available but was employed for [petitioner's] Fourth Amendment claims, which therefore cannot support a petition for a writ of habeas corpus.").[3]

Respondent moves to dismiss the remaining claims on the grounds that they are unexhausted and procedurally defaulted. Prior to seeking federal habeas relief, a state prisoner must exhaust all available state remedies.  28 U.S.C. § 2254(b)(1)(A); <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986) ("[A] state prisoner may initiate a federal habeas petition '[o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated.'" (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971))).  Exhaustion of state remedies means that "a petitioner

---

[3] Petitioner does not argue that there was an "unconscionable breakdown" in the state's corrective process.  To avoid the strictures of <u>Powell</u> on this basis, petitioner would have to show a "breakdown in the state's process . . . that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society." <u>Cappiello v. Hoke</u>, 698 F. Supp. 1042, 1050 (E.D.N.Y. 1998).  Some examples include bribing the trial judge and the government's knowing use of perjured testimony. <u>See</u> <u>id.</u> Nothing of the sort has been alleged here.

must present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." <u>Aparicio v. Artuz</u>, 269 F.3d 79, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted).  Review in the highest court must be sought, even if such review is discretionary and unlikely to be granted, because petitioners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999) (quoting <u>Brown v. Allen</u>, 344 U.S. 433, 447 (1953)) (internal quotation marks omitted). Thus, if a prisoner fails to seek state review from the highest court within the time allotted by state law, the claim is unexhausted.

Here, count two alleges ineffective assistance of appellate counsel with respect to counsel's handling of the petition for certification to the Connecticut Supreme Court on direct appeal (indicating that petitioner disagreed with counsel as to the argument presented in the petition) and count three alleges a violation of petitioner's right to bear arms.  Petitioner has not raised these claims in state court so they are unexhausted. Count four alleges ineffective assistance of trial counsel regarding counsel's questioning of a witness and count five alleges ineffective assistance of appellate counsel regarding counsel's failure to adequately use a trial transcript.  Though

petitioner raised these claims in his state habeas petition, he withdrew them with prejudice at the start of the state habeas evidentiary hearing.[4]  See Knight v. Comm'r of Corr., 81 Conn. App. 163, 164 n.1 (2004) (declining to review challenges to counsel's pretrial investigation because claims specifically abandoned at habeas challenge).  Thus, these claims also are unexhausted.

Typically, when claims are unexhausted, a federal court dismisses the claims without prejudice to refiling in state court.  However, when a claim has never been presented to a state court, a federal court has the power to deem the claim exhausted when there is no question the claim would be procedurally defaulted in state court.  Aparicio, 269 F.3d at 90 (citing Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997); see also Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (when petitioner failed to exhaust state remedies and court to which he would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts must also deem the claims procedurally defaulted); James v. Mazzuca, 387 F. Supp. 2d 351, 359-60 (S.D.N.Y. 2005) ("[B]ecause the state court would consider [petitioner's] new claim procedurally barred, this Court must treat that claim as 'procedurally defaulted.'").  Generally, a claim that has been procedurally defaulted in state court is barred from "federal

---

[4] See supra note 1.

habeas review because the state procedural default serves as an adequate and independent state ground for decision and the federal opinion would therefore be merely advisory." Newsome v. Comm'r of Corr., No. 3:01 CV 1968(DJS), 2004 WL 2634457, at *4 (D. Conn. Nov. 17, 2004) (citing Coleman, 501 U.S. at 729-30).

Respondent argues that petitioner's unexhausted claims should be dismissed with prejudice as procedurally defaulted. See Aparicio, 269 F.3d at 90 ("We have recently observed that dismissal of a habeas claim on the ground that it was procedurally defaulted 'differs crucially' from a dismissal for failure to exhaust state remedies. Dismissal for procedural default is regarded as a disposition of the habeas claim on the merits." (citing Turner v. Artuz, 262 F.3d 118, 122 (2d Cir. 2001)). Respondent explains that petitioner cannot obtain state habeas review of his 2004 convictions because he is no longer "in custody" as a result of those convictions. See Lebron v. Comm'r of Correction, 274 Conn. 507, 530-31 (2005) overruled on other grounds by State v. Elson, 311 Conn. 726 (2014) ("We conclude that the habeas court properly determined that the collateral consequences of the petitioner's expired conviction were insufficient to render him in custody on that conviction."). Respondent might well be correct. However, "federal courts generally resist finding a default unless the state has proven unequivocally that no state remedies are unavailable." James S. Liebman & Randy Hertz Federal Habeas Corpus Practice and

Procedure 868 (3d ed. 1998)(citing <u>Gordon v. Nagle</u>, 2 F.3d 385, 388 n.4 (11th Cir. 1993).  On the present record, the Court cannot say for certain that the pro se petitioner would be procedurally barred if he were to seek relief in state court. Thus, it is better to dismiss the claims without prejudice for failure to exhaust.  See <u>Hull v. Freeman</u>, 991 F.2d 86, 91 (3d Cir. 1993) (dismissing possibly defaulted claim on nonexhaustion grounds in interest of "federal-state comity" so that state court can determine whether petitioner qualifies for exception to state procedural rule); <u>Johnson v. Lewis</u>, 929 F.2d 460, 464 (9th Cir. 1991) (when no state court had "concluded that [petitioner] . . . is procedurally barred from raising his unexhausted . . . claim" and state law did not clearly require finding of default, district court should not have denied relief on procedural default grounds; proper remedy was to dismiss claims for nonexhaustion "without prejudice to refiling" after "exhaustion of state remedies"); <u>Meadows v. Legursky</u>, 904 F.2d 903, 909 (4th Cir. 1990) (en banc) ("If any reasonable possibility exists that the state court may apply an exception to its procedural default rule, the federal court should not apply a state procedural bar to find that exhaustion is futile.").

III. <u>Conclusion</u>

Accordingly, respondent's motion to dismiss is hereby granted.  The illegal search and seizure claim in count one is dismissed with prejudice.  The claims in counts two through five

are dismissed without prejudice.  The Clerk may enter judgment
and close the case.

So ordered this 30th day of September 2015.


_____/s/ RNC_____
                Robert N. Chatigny
            United States District Judge